1

2

3

4

5  **UNITED STATES DISTRICT COURT**

6  **EASTERN DISTRICT OF CALIFORNIA**

7

8  **DEBBY GENTHNER,**       **CASE NO. 1:16-CV-1348 AWI SKO**

9        **Plaintiff**

10             **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING MATTER**

      v.

11  **DR. BRIEN W. TONKINSON, et al.,**

12        **Defendants**       (Doc. Nos. 1, 2)

13

14

15       On September 12, 2016, Plaintiff Debby Genthner ("Genthner") filed this civil rights

16  lawsuit.  See Doc. No. 1.  Defendants are an ear, nose, and throat medical practice and members of

17  that practice.  Genthner alleges claims under 42 U.S.C. § 1983, 42 U.S.C. §1985, and state law,

18  and now moves for *in forma pauperis* status.

19       *Factual Background & Claims*

20       The Complaint is not a model of clarity.  However, the gist of the allegations are that, on

21  April 29, 2014, Genthner sought medical treatment from Defendants regarding mouth and throat

22  burns, sores, and pain.  However, Genthner still suffered pain from the burns in her throat days

23  after seeing Defendants.  Further, in December 2014, Defendants cancelled a surgical procedure

24  for a biopsy of a black lesion on the bottom of Genthner's mouth and never rescheduled the

25  procedure.

26       Genthner brings three claims under 42 U.S.C. § 1983.  Under the second cause of action,

27  Genthner cites California Penal Code §§ 11160, 11161, and 11161.5 and a California Supreme

28  Court case, and contends that Defendants did not report her mouth burns to the authorities.  Under

1  the third cause of action, Genthner cites a California case, an Ohio case, an Arkansas case, and a

2  Florida case, and contends that Defendants were negligent and intentionally and negligently

3  inflicted emotional distress for not diagnosing and treating her and not reporting her severe mouth

4  burns to the authorities.  Under the fifth cause of action, Genthner cites a Florida case, and alleges

5  that Defendants were negligent and intentionally and negligently inflicted emotion distress by

6  failing to perform and reschedule the biopsy on her mouth lesion.

7       Genthner also brings two claims under 42 U.S.C. § 1985.  Under the sixth cause of action,

8  Genthner sues Defendants for conspiracy to deprive her of her right to be diagnosed and treated

9  and for failure to report the severe burns in her mouth.  The Complaint alleges that Dr. Tonkinson

10  and P.A. Jeffrey Russell were aware that Genthner had been denied medical treatment and care by

11  other doctors.  Further, city officials may have contacted these Defendants in an attempt to block

12  her health care, which the officials have done during the past eight years.  Second, Dr. Tonkinson

13  and P.A. Russell conspired to deprive her of her right to have the black mouth lesion treated.

14  Genthner contends that city officials may have contacted Dr. Tonkinson and P.A. Russel to block

15  her care, as these officials have done so during the past eight years.

16       Finally, it appears that Genthner is bringing two state law based claims.[1]  Under the first

17  cause of action, Genthner complains about Defendants failure to treat her mouth and throat sores,

18  and she cites cases from Ohio, Arkansas, Georgia, Florida, and New York that deal with

19  *respondeat superior* liability, joint venture liability, medical malpractice, and partnership liability.

20  Under the fourth cause of action, Genthner complains about Defendants failure to perform and

21  reschedule the biopsy for the black mouth lesion, and she cites cases from Florida, Ohio, and

22  Arkansas that deal with *respondeat superior* and medical malpractice.

23       *In Forma Pauperis Framework*

24       District courts "may authorize the commencement . . . of any suit, action or proceeding,

25  civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an

26  affidavit that includes a statement of all assets such [person] possess that the person is unable to

27

28  [1] It is not entirely clear if the first and fourth causes of action are purely state law claims.  Cases from several jurisdictions are identified under these claims, but neither 42 U.S.C. § 1983 nor 42 U.S.C. § 1985 are identified.  Therefore, the Court view the first and fourth causes of action as alleging state law claims only.

pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  A district court "shall dismiss the case at any time if the court determines" that the action is frivolous or malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).  An action is "frivolous" if it has no arguable basis in fact or law; the term embraces both inarguable legal conclusions and fanciful factual allegations.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); DeRock v. Sprint-Nextel, 584 Fed. Appx. 737 (9th Cir. 2014); see also Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).  "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati, 821 F.2d at 1370.  However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile."  Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370.  If a court denies a motion to proceed *in forma pauperis* because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e).  Rodriguez, 795 F.3d at 1188.

*Discussion*

1.      42 U.S.C. § 1983 Claims

To establish § 1983 liability, a plaintiff "must allege a violation of a right secured by the Constitution and law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Genthner's Complaint fails to allege either of these elements.

First, no right secured by a federal constitutional provision or federal law is identified or discussed in the Complaint.  Rather, Genthner is citing various state law statutory provisions and common laws, and then trying to use § 1983 as the conduit for redressing the alleged violations of those state laws.  However, § 1983 requires a violation of federal law, not state law.  Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007); see also Sweaney v. Ada, 119 F.3d 1385, 1391 (9th Cir. 1997).  Genthner's citation to and reliance on state law is insufficient.  See id.

Second, it is apparent that all defendants are private actors (a medical practice group and two associated medical personnel).  Because the Defendants are private actors engaged in private conduct, there is no state action.  See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (". . . § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong."); Lim v. Central Du Page Hosp., 871 F.2d 644, 645 (7th Cir. 1989) (holding that conduct of a private hospital and private physicians was not "state action."); cf. West, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.").

Suing private actors for violations of purely state law is antithetical to a valid § 1983 claim. Cf. American Mfs., 526 U.S. at 50.  Given the claims alleged against these private Defendants, which are generally in the nature of state law medical malpractice, amendment of the § 1983 claims would be futile.  See Sullivan, 526 U.S. at 50; Galen, 477 F.3d at 662.  Therefore, the § 1983 claims will be dismissed without leave to amend.  See Rodriguez, 795 F.3d at 1188; Minetti, 152 F.3d at 1115.

2.      42 U.S.C. § 1985(3)[2]

The elements of a claim under 42 U.S.C. § 1985(3) are:  (1) a conspiracy; (2) the conspiracy is for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of the equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) the plaintiff is injured in his person or property, or is deprived of any right or privilege of a citizen of the United States.  United Brotherhood of Carpenters and Joiners of Am. v. Scott, 463 U.S. 825, 828-29 (1983); Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).  Also, "a plaintiff must show some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001).  Also, a plaintiff must allege facts that demonstrate the existence of a § 1985 conspiracy, it is not enough to make a conclusory

---

[2] The Complaint does not expressly identify which subsection of § 1985 is at issue.  However, because this case does not involve conduct towards an officer of the United States (§ 1985(1)), or court proceedings/obstructing justice (1985(2)), the Court construes the Complaint as relying on 42 U.S.C. § 1985(3).  See 42 U.S.C. § 1985.

allegation of "conspiracy" without factual specificity.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).  Importantly, the "absence of a [§] 1983 deprivation of rights precludes a [§] 1985 conspiracy claim predicated on the same allegations." Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005); Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989).  That is, "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 930 (9th Cir. 2004).

Here, there are numerous problems with Genthner's § 1985(3) claims.  First, although the Complaint alleges that there was a conspiracy, the allegations are conclusory and without factual support.  See Karim-Panahi, 839 F.2d at 626.  Second, the Complaint indicates that unknown officials from an unknown city may have contacted Defendants Tonkinson and Russell as part of an eight year process of preventing Genthner from obtaining medical care.  Such an allegation seems fanciful and implausible and thus, frivolous.  See Neitzke, 490 U.S. at 325.  Third, there are no allegations or indications that the Defendants acted with a racial or class based discriminatory animus.  See Orin, 272 F.3d at 1217.  Fourth, the Complaint does not allege a violation of equal protection or of any privilege or immunity under federal law.  Fifth, the § 1985 claims are predicated on the same conduct as that identified in the § 1983 claims.  Because the § 1983 claims fail, these corresponding § 1985(3) necessarily fail as well.  See Thornton, 425 F.3d at 1168; Olsen, 363 F.3d at 930; Caldeira, 866 F.2d at 1182.

Arguably, some of the deficiencies identified above could be cured through amendment.  However, because there are no valid § 1983 claims, Genthner "cannot cure the defects of her complaint to state a cognizable claim under § 1985." Olsen, 363 F.3d at 930.  Therefore, the Court will dismiss the § 1985 claims without leave to amend. Rodriguez, 795 F.3d at 1188; Olsen, 363 F.3d at 930; Minetti, 152 F.3d at 1115.

3.      State Law Claims

With the dismissal of the § 1983 and § 1985 claims, there are no longer any claims over which the Court has original jurisdiction.  Therefore, the Court will decline to exercise supplemental jurisdiction over the first and fourth causes of action.  See 28 U.S.C. § 1367(c)(3);

Oliver v. Ralphs Grocery Co., 654 F.3d 903, 911 (9th Cir. 2011); Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992) ("When federal claims are dismissed before trial . . . pendent state claims should also be dismissed.").

4.      *In Forma Pauperis* Status

The only federal claims alleged are dismissed because they are without merit and amendment would be futile.  See Rodriguez, 795 F.3d at 1188; Minetti, 152 F.3d at 1115.  The state law claims are no longer before the Court because supplemental jurisdiction is being declined.  Without any claims, there is no need for *in forma pauperis* status.  The Court will deny Genthner's application to proceed *in forma pauperis* and will close this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's causes of action under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 are DISMISSED without leave to amend;

2.      The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law causes of action;

3.      Plaintiff's application to proceed *in forma pauperis* is DENIED; and

4.      The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   February 9, 2017

_____
SENIOR  DISTRICT  JUDGE